Daniel Franz, D.C. Bar No. 1721996
Defenders of Wildlife
1130 17th St. NW
Washington, DC 20036
(202) 682-9400 (tel)
dfranz@defenders.org

*Attorney for Plaintiff Defenders of Wildlife*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br>1130 17th St. NW<br>Washington, DC 20036<br><br>Plaintiff,<br><br>v.<br><br>U.S. FISH & WILDLIFE SERVICE,<br>1849 C Street, NW<br>Washington, DC 20240<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      Plaintiff Defenders of Wildlife (Defenders) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel defendant United States Fish and Wildlife Service (the Service) to produce responsive records to eight related FOIA requests Defenders submitted regarding the Service's consideration of land exchanges for national wildlife refuges in each of its eight regions.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.    Defenders is a nonprofit 501(c)(3) membership organization dedicated to the protection and restoration of all native North American species in their natural communities and the preservation of the habitats on which these species depend. Defenders is headquartered in Washington, DC, and has over 270,000 members across the United States. Defenders' National Wildlife Refuges and Parks program within Defenders' Conservation Policy program works on issues unique to managing and protecting federal conservation lands across the nation, including national wildlife refuges.

4.    Defenders submitted the FOIA requests at issue in this action. Defenders regularly submits FOIA requests to the Service to obtain public records in support of its advocacy work. Defenders relies on the information contained in these records to identify factual or legal concerns with the Service's administration of the National Wildlife Refuge System and to educate its members, members of Congress, and the public about its findings. Defenders currently has multiple pending FOIA requests before the Service outside the scope of this lawsuit.

5.    Defendant United States Fish and Wildlife Service is an agency of the United States within the meaning of FOIA. 5 U.S.C. § 551(1).

## STATUTORY BACKGROUND

6.    FOIA requires that federal agencies make records "promptly available to any person" upon request. 5 U.S.C. § 552(a)(3)(A). A "person" is defined to include any "public or private organization." *Id.* § 551(2).

7.    FOIA requires an agency to "determine . . . whether to comply with [a] request" within "20 days (exception Saturdays, Sundays, and legal public holidays) after receipt of any such request." *Id.* § 552(a)(6)(A). Those 20 days "commence on the date on which the request is first received by the appropriate component of the agency." *Id.* § 552(a)(6)(ii).

8.    Upon request by the agency and consent by the requestor, the parties can "arrange . . . an alternative time from for processing the request" when expected delay is more than ten working days. *Id.* § 552(a)(6)(B)(ii). An agency may also toll the 20-day deadline to make "one request to the requester for information" for the period that it "is awaiting such information that is has reasonably requested of the requester." *Id.* § 552(a)(6)(A)(ii)(I).

9.    A person challenging a failure to meet the determination deadline "shall be deemed to have exhausted his administrative remedies with respect to such request." *Id.* § 552(a)(6)(C)(i).

10.    The Service's implementing regulations for FOIA related to the timing of responding to requests are at 43 C.F.R. §§ 2.14–2.20 and are consistent with the statutory framework.

11.    Additionally, FOIA requires each agency to "establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B).

## FACTUAL BACKGROUND

12.    President Theodore Roosevelt established the first national wildlife refuge, Pelican Island, by executive order in 1903. Today, the National Wildlife Refuge System is the nation's largest network for public lands and waters dedicated to the conservation of native species. With 573 refuges spanning 856 million acres of land and water spanning every state and territory across the country, it is the world's most comprehensive system of protected areas set aside for wildlife and plant protection. National wildlife refuges provide extraordinary benefits to the American people, including providing wildlife-dependent recreation opportunities such as hunting, fishing, ecotourism, wildlife viewing, and photography, all of which contribute substantially to local, regional, and national economies. More than 100 refuges are within 25 miles of an urban area.

13.    The Service administers the National Wildlife Refuge System pursuant to the National Wildlife Refuge System Administration Act of 1966, as amended by the National Wildlife Refuge System Improvement Act of 1997 (Refuge Act), 16 U.S.C. §§ 668dd–668ee.

14.    One of the explicit purposes of the Refuge Act is to conserve species listed as endangered or threatened under the Endangered Species Act (ESA). In

2020, Defenders of Wildlife and the National Wildlife Refuge Association partnered in compiling a comprehensive tally of how many ESA-listed species our national wildlife refuges harbor. Based on federal public records, the resulting report identified that 513 endangered and threatened species—nearly one-third of the total listed under the ESA—are found on, or are dependent on, at least 444 of our national wildlife refuges.

15.     Under the Refuge Act, the Service has the authority to acquire or exchange land if certain statutory conditions are met. *Id.* § 668dd(b)(3). The Service has possession or control of the records responsive to Defenders' FOIA requests.

16.     Defenders regularly comments on proposed land exchanges and their consistency with (or lack thereof) statutory and regulatory requirements under the Refuge Act. In the last several years, Defenders has gone to court to challenge the validity of such exchanges. One such lawsuit is ongoing.

17.     Defenders is conducting a comprehensive survey and analysis of the Service's use of land exchanges on national wildlife refuges. To support that work, Defenders submitted a total of eleven FOIA requests to the Service's regional offices between January 2024 and May 2025 seeking information about proposed and finalized land exchanges on national wildlife refuges. As explained below, the Service has failed to issue a timely determination for eight of those requests. This failure has prevented Defenders from completing its analysis.

**Defenders' Completed Region 2, Region 3, and Region 4 Requests**

18. On January 11, 2024, Defenders submitted a FOIA request to the Service seeking records of final and draft land exchange agreements and supporting documents for both proposed and final land exchanges for national wildlife refuge lands within the Service's Region 2 covering the Southwest. Defenders also requested any aggregated data or reports collecting and summarizing information about land exchanges considered in the region.

19. The Service acknowledged that request on January 18, 2024, and assigned it the tracking number DOI-FWS-2024-000247.

20. Also on January 11, 2024, Defenders submitted a FOIA request to the Service seeking those same types of records for the Service's Region 4 covering the Southeast.

21. The Service acknowledged that request on January 18, 2024, and assigned it the tracking number DOI-FWS-2024-000248.

22. On January 22, 2024, at the Service's request, Defenders met with Service employees Katie McVey from Region 2, Steven Seibert from Region 4, Beth Goldstein from the Service's Lands and Realty office, and David Tischer, a Service FOIA Coordinator, to discuss narrowing the two requests. These employees represented that there were no documents that aggregate proposed land exchanges for national wildlife refuges and requested those records be excluded from the requests. They also represented that they agency receives many informal requests for land exchanges that the Service did not consider and that records related to such

requests would be onerous to process. They therefore requested those records be excluded. Defenders agreed to modify those requests accordingly.

23.    On February 12, 2024, the Service provided a final response indicating it possessed no responsive records to the Region 2 request.

24.    On February 26, 2024, Defenders submitted a FOIA request to the Service seeking the same types of records for the Service's Region 3 covering the Midwest.

25.    The Service acknowledged that request on March 4, 2024, and assigned it the tracking number DOI-2024-000369.

26.    On April 10, 2024, the Service provided a final response and produced records for the Region 4 request.

27.    On May 22, 2024, the Service provided a final response and produced records for the Region 3 request.

28.    Well after the deadline for administrative appeal on these three requests had passed, Defenders independently discovered that the Service collects and publishes a list of potential land exchanges being considered in each region as part of the annual Budget Justifications and Performance Information report submitted to Congress. The report for fiscal year 2025 showed that the Service failed to produce records for multiple considered land exchanges in all three requests covering Regions 2, 3, and 4. At no time did the Service inform Defenders of the existence of this annual report. Those exclusions informed Defenders' actions

in subsequent requests and required submitting additional requests for Regions 2, 3, and 4 discussed below.

**Defenders' Pending Region 7 Request**

29.    On August 29, 2024, Defenders submitted a FOIA request to the Service seeking the same types of records as in its initial Region 2, Region 3, and Region 4 requests for the Service's Region 7 covering Alaska.

30.    The Service sent an email the same day marking the request as "received" and assigned the request the number DOI-FWS-2024-000854.

31.    The Service separately sent an acknowledgment letter the same day. The letter gave an expected determination date of November 26, 2024. The Service did not request any clarifications or extensions for this request.

32.    The 20-day deadline to issue a final determination running from the August 29, 2024, received date (excluding weekends and the Labor Day holiday) was September 26, 2024.

33.    The Service did not issue a final determination by either the September 26, 2024, statutory deadline or its expected date of November 26, 2024.

34.    On December 10, 2024, Defenders requested an update on the request's status.

35.    That same day, the Service indicating it would provide an initial production "within this week."

36.    The Service did not issue a final determination during the week of December 10, 2024.

37.    On January 9, 2025, Defenders requested an update on the request's status.

38.    On January 13, 2025, the Service responded and did not provide an estimated timeline for the request.

39.    On February 13, 2025, Defenders requested an update on the request's status.

40.    That same day, the Service responded indicating it would produce a "full set of records soon."

41.    On February 21, 2025, the Service provided an interim production consisting of 104 records (551 pages). That production was not the full set of records and did not constitute a final determination.

42.    On February 24, 2025, Defenders requested an update on the requests' statuses and information on future interim productions.

43.    The same day, the Service responded and indicated it would "get [Defenders] records either very 2 weeks or 1 month."

44.    On March 3, 2025, the Service provided a second interim production consisting of 321 records (1,656 pages). That production was not the full set of records and did not constitute a final determination.

45.    On March 25, 2025, Defenders requested an update on the requests' status and information on future interim productions.

46.    The Service did not reply to that request.

47.     On April 29, 2025, Defenders requested an update on the requests'
status and information on future interim productions.

48.     That same day, the Service responded stating "there have been delays
due to system issues and staffing," and indicating it would have additional records
"soon."

49.     The Service did not produce any records following its April 29, 2025,
communication.

50.     On August 5, 2025, Defenders requested an update on the requests'
status.

51.     The Service did not reply to that request.

52.     On August 13, 2025, Defenders requested an update on the requests'
status.

53.     That same day, the Service responded indicating it would need
"additional time" without providing any estimated timeline.

54.     On September 23, 2025, Defenders contacted both the Service and the
Department of Interior's FOIA Public Liaison about the continued delay in
responding to this request.

55.     That same day, the Department of Interior's Public Liaison responded,
indicating receipt. That response did not address the substance of the
communications.

56.     On September 26, 2025, the Service responded indicating it would
"stive to have another release to [Defenders] by December 31, 2025."

57.    That same day, Defenders responded asking for additional information about how many productions would be needed after the promised third production and the timing for those productions.

58.    The Service did not respond to that communication.

59.    On December 3, 2025, Defenders requested a status update for all its pending FOIA requests on land exchanges—discussed below—including the Region 7 request.

60.    That same day, the Service responded indicating it would "have a better idea of how long it will take to get you partial responses done" after it received information "this Friday [December 5, 2025]."

61.    The Service did not provide additional information within the following week.

62.    On December 11, 2025, Defenders requested an update on its December 3, 2025, communications.

63.    On December 23, 2025, the Service responded indicating it had files for the Region 7 request that were awaiting review.

64.    The Service did not produce any records for this request by December 31, 2025.

65.    To date, the Service has not made a final determination or a final production of records in response to this request.

**Defenders' Pending Regions 1, 5, 6, and 8 Requests**

66.     On April 3, 2025, Defenders submitted four FOIA requests to the Service seeking the same types of records as in its prior requests for the Service's Region 1 covering the Pacific region, Region 5 covering the Northwest, Region 6 covering the Mountain-Prairie region, and Region 8 covering the Pacific Southwest.

67.     The Service sent an email the same day marking the Region 1 request as "received" and assigned the request the number DOI-FWS-2025-005460.

68.     The Service sent an email the same day marking the Region 5 request as "received" and assigned the request the number DOI-FWS-2025-005461.

69.     The Service sent an email the same day marking the Region 6 request as "received" and assigned the request the number DOI-FWS-2025-005462.

70.     The Service sent an email the same day marking the Region 8 request as "received" and assigned the request the number DOI-FWS-2025-005463.

71.     On April 17, 2025, the Service sent acknowledgment letters for each of the four requests. Each letter gave an expected determination date of July 1, 2025. The Service did not request any clarifications or extensions for any of these requests.

72.     The 20-day deadline to issue a final determination from the April 3, 2025, received date (excluding weekends) was April 30, 2025.

73.     The Service did not issue a final determination for any of the four requests by either the April 30, 2025, statutory deadline or its expected date of July 1, 2025.

12

74.     On September 23, Defenders requested an update on the requests' statuses.

75.     That same day, the Service responded indicating it was "unable to provide a better date to when these will be completed."

76.     On December 3, 2025, Defenders requested a status update for all its pending FOIA requests on land exchanges, including these four requests.

77.     On December 11, 2025, Defenders requested an update on its December 3, 2025, communications.

78.     On December 23, 2025, the Service responded indicating it had files for the Region 1 request that were awaiting review. The Service indicated that staff were still searching for records for the Region 5 and Region 6 requests. That communication did not provide information about the Region 8 request.

79.     On December 29, 2025, Defenders requested information about the Region 8 request and timing information for all of the pending requests.

80.     That same day, the Service responded indicating staff had provided records for Region 8 that were awaiting review. The Service did not provide a timeline for any of the requests but noted "I have a bunch of FOIAs in front of this one that need to be completed before I can get to this one."

81.     To date, the Service has not made a final determination or any production of records in response to the Region 1, Region 5, Region 6, and Region 8 requests.

**Defenders' Pending Follow-Up Requests to Regions 2, 3, and 4**

82.     On May 15, 2025, Defenders submitted three follow-up FOIA requests to the Service seeking the same types of records in its prior requests for the Service's Region 2 covering the Southwest, Region 3 covering the Midwest, and Region 4 covering the Southeast. The three requests differed from prior requests in that they only sought documents generally for the intervening period between the initial FOIA requests for each region and these requests. Additionally, each request asked for records for the full time period for specific exchanges identified in the annual Budget Justifications and Performance Information reports submitted to Congress that were not produced in the prior productions because of Defenders' agreement to narrow its requests based on the Service's representations that the narrowed request would capture all substantive responsive records.

83.     The Service sent an email the same day marking the Region 2 request as "received" and assigned the request the number DOI-FWS-2025-006548.

84.     The Service sent an email the same day marking the Region 3 request as "received" and assigned the request the number DOI-FWS-2025-0065551.

85.     The Service sent an email the same day marking the Region 4 request as "received" and assigned the request the number DOI-FWS-2025-006552.

86.     The 20-day deadline to issue a final determination from the May 15, 2025, received date (excluding weekends and the Memorial Day holiday) was June 12, 2025.

87. On June 13, 2025, the Service sent acknowledgment letters for each of the three requests. Each letter gave an expected determination date of August 12, 2025.

88. On June 27, 2025, Defenders met with FOIA Coordinator David Tischer upon request of the Service to discuss the relation between these requests and their initial counterparts.

89. On June 30, 2025, the Service requested that the Region 2 request be narrowed to exempt "land exchanges being considered."

90. That same day, Defenders responded, declining that request. Defenders explained that documents relevant to Defenders' inquiry were not produced in the prior production for Region 2 based on a similar narrowing request by the Service.

91. On July 17, 2025, Defenders met with Service staff Jonathan Bloom from Region 2, Danielle Kepford from Region 3, a representative from Region 4 whose full name Plaintiff does not know, Beth Goldstein from the Service's Lands and Realty office, and David Tischer, a Service FOIA Coordinator, upon request of the Service to clarify the scope of all three requests.

92. On July 24, 2025, the Service requested that Defenders grant an extension in issuing a final determination until September 30, 2025, for the Region 2 and Region 4 requests. The Service did not ask for an extension for the Region 3 request.

93.     That same day, Defenders responded, granting that requested extension for the Region 2 and Region 4 requests.

94.     The Service did not issue a final determination for the Region 3 request by either the June 12, 2025, statutory deadline or its expected date of August 12, 2025.

95.     On September 23, 2025, Defenders requested a status update for its Region 3 request.

96.     That same day, the Service responded regarding addressing all three of the requests—as well as the Region 1, Region 5, Region 6, and Region 8 requests discussed above—indicating that the Service was "unable to provide a better date to when these will be completed."

97.     That same day, Defenders responded repeating its ask for an expected timeline for those requests.

98.     That same day, the Service responded indicating it would "give [Defenders] a better date of response on Monday [September 29, 2025]."

99.     The Service did not provide a timeline on September 29, 2025.

100.     On September 30, 2025, Defenders requested an update on its September 23, 2025, communications as well as the Service's intention to meet its extended September 30, 2025, deadline for the Region 2 and Region 4 requests.

101.     That same day, the Service produced an initial response for the Region 2 request consisting of three records (47 pages).

102.    Also, that same day, the Service produced an initial response for the Region 4 request consisting of one record (17 pages).

103.    That same day, Defenders responded asking for an expected timeline and scope for future productions for the Region 2 and Region 4 requests.

104.    That same day, the Service responded indicating it was "not able to provide an estimate of how many batches of production there will be until I have all the records." The Service did not provide an estimated timeline for additional productions.

105.    On December 3, 2025, Defenders requested a status update for all its pending FOIA requests on land exchanges, including these three requests.

106.    On December 11, 2025, Defenders requested an update on its December 3, 2025, communications.

107.    On December 23, 2025, the Service responded indicating it had files for the Region 4 request that were awaiting review. The Service indicated that staff were still searching for records for the Region 2 and Region 3 requests.

108.    To date, the Service has not made a final determination or any production of records in response to the Region 2, Region 3, and Region 4 requests.

**Summary of Defenders' Pending Requests**

109.    Relevant dates for each of the pending requests are summarized below:

| FOIA Request | Submission Date | Received Date | 20-Day Deadline | Adjusted Deadline | Time Past Deadline as of Mar. 9, 2025 |
|---|---|---|---|---|---|
| **DOI-2024-000854 (R7 Alaska)** | Aug. 29, 2024 | Aug. 29, 2024 | Sept. 26, 2024 | - | 529 |
| **DOI-2025-005460 (R1 Pacific)** | Apr. 3, 2025 | Apr. 3, 2025 | Apr. 30, 2025 | - | 313 |
| **DOI-2025-005461 (R5 Northeast)** | Apr. 3, 2025 | Apr. 3, 2025 | Apr. 30, 2025 | - | 313 |
| **DOI-2025-005462 (R6 Mountain-Prairie)** | Apr. 3, 2025 | Apr. 3, 2025 | Apr. 30, 2025 | - | 313 |
| **DOI-2025-005463 (R8 Pacific Southwest)** | Apr. 3, 2025 | Apr. 3, 2025 | Apr. 30, 2025 | - | 313 |
| **DOI-2025-006548 (R2 Southwest)** | May 15, 2025 | May 15, 2025 | June 12, 2025 | Sept. 30, 2025 | 161 |
| **DOI-2025-006551 (R3 Midwest)** | May 15, 2025 | May 15, 2025 | June 12, 2025 | - | 271 |
| **DOI-2025-006552 (R4 Southeast)** | May 15, 2025 | May 15, 2025 | June 12, 2025 | Sept.30, 2025 | 161 |

**The Service's FOIA Compliance History**

110.    Each agency publishes data about its FOIA compliance annually for the previous fiscal year (running from October 1 to September 30 of the following year) at https://www.foia.gov/foia-dataset-download.html .

111.    Publicly available data on the Service's recent history in receiving and processing requests is presented below:

| Fiscal Year | Number of Requests Pending as of Start of Fiscal Year | Number of Requests Received in Fiscal Year | Number of Requests Processed in Fiscal Year | Number of Requests Pending as of End of Fiscal Year |
|---|---|---|---|---|
| 2025 | 475 | 1073 | 899 | 649 |
| 2024 | 399 | 924 | 851 | 472 |
| 2023 | 405 | 884 | 886 | 403 |
| 2022 | 450 | 739 | 773 | 416 |
| 2021 | 492 | 818 | 855 | 455 |
| 2020 | 534 | 949 | 1001 | 482 |
| 2019 | 468 | 1081 | 1004 | 545 |
| 2018 | 359 | 1103 | 993 | 469 |
| 2017 | 212 | 1146 | 1000 | 358 |
| 2016 | 252 | 1132 | 1175 | 209 |
| 2015 | 283 | 1294 | 1332 | 245 |
| 2014 | 194 | 1264 | 1168 | 290 |
| 2013 | 148 | 1265 | 1242 | 171 |
| 2012 | 172 | 1226 | 1260 | 138 |
| 2011 | 181 | 1192 | 1188 | 185 |
| 2010 | 144 | 1241 | 1142 | 243 |
| 2009 | 134 | 1180 | 1160 | 154 |
| 2008 | 97 | 802 | 790 | 109 |

112.    Publicly available data on the Service's FOIA backlog is presented

below:

| Fiscal Year | Number of Backlogged Requests as of End of Fiscal Year | Number of Requests Received in Fiscal Year |
|---|---|---|
| 2025 | 512 | 1073 |
| 2024 | 358 | 924 |
| 2023 | 331 | 884 |
| 2022 | 350 | 739 |
| 2021 | 346 | 818 |
| 2020 | 397 | 949 |
| 2019 | 449 | 1081 |
| 2018 | 397 | 1103 |
| 2017 | 265 | 1146 |
| 2016 | 147 | 1132 |

| | | |
|---|---|---|
| **2015** | 151 | 1294 |
| **2014** | 192 | 1264 |
| **2013** | 79 | 1265 |
| **2012** | 68 | 1226 |
| **2011** | 88 | 1192 |
| **2010** | 106 | 1241 |
| **2009** | 71 | 1180 |
| **2008** | 84 | 802 |

113.    Publicly available data about the Service's FOIA staff resources is

presented below:

| Fiscal Year | Number of "Full-Time FOIA Employees" | Number of "Equivalent Full-Time FOIA Employees" | Total Number of "Full-Time FOIA Staff" |
|---|---|---|---|
| **2025** | 11 | 2.25 | 13.25 |
| **2024** | 11 | 7 | 18 |
| **2023** | 14 | 4.5 | 18.5 |
| **2022** | 12 | 4 | 16 |
| **2021** | 12 | 4 | 16 |
| **2020** | 14 | 3 | 17 |
| **2019** | 16 | 15 | 31 |
| **2018** | 7 | 19.05 | 26.05 |
| **2017** | 9 | 20.95 | 29.95 |
| **2016** | 11 | 18.31 | 29.31 |
| **2015** | 6 | 15.32 | 21.32 |
| **2014** | 3 | 16.52 | 19.52 |
| **2013** | 7 | 19.35 | 26.35 |
| **2012** | 6 | 27.9 | 33.9 |
| **2011** | 8 | 26.03 | 34.03 |
| **2010** | 1 | 35 | 36 |
| **2009** | 1 | 35 | 36 |
| **2008** | 7 | 12 | 19 |

## CLAIMS FOR RELIEF

### FIRST CLAIM

### The Service Failed to Make a Timely Determination for the Region 1 Request (DOI-FWS-2025-005460) Violating FOIA, 5 U.S.C. § 552

114.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 17, 66 through 81, and 109 through 113.

115.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2025-005460.

116.    The Service was required to make a final determination in response to this request by April 30, 2025—20 working days from receipt of the request, April 3, 2025. More than 20 working days have passed and the Service has provided no final response to this request.

117.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

### SECOND CLAIM

### The Service Failed to Make a Timely Determination for the Region 2 Request (DOI-FWS-2025-006548) Violating FOIA, 5 U.S.C. § 552

118.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 28 and 83 through 113.

119.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2025-006548.

120.    The Service was required to make a final determination in response to this request within 20 working days from receipt of the request or by a later date

21

agreed upon by the submitter. The agreed deadline of September 30, 2025, has

passed and the Service has provided no final response to this request.

121.    The Service has no legal basis for failing to disclose any non-exempt

requested records to Defenders.

## THIRD CLAIM

### The Service Failed to Make a Timely Determination for the Region 3 Request (DOI-FWS-2025-0065551) Violating FOIA, 5 U.S.C. § 552

122.    Defenders realleges and incorporates each allegation set forth in

paragraphs 1 through 28 and 83 through 113.

123.    Defenders has a statutory right to the records it seeks in response to

its FOIA request DOI-FWS-2025-0065551.

124.    The Service was required to make a final determination in response to

this request by June 12, 2025—20 working days from receipt of the request, May 15,

2025. More than 20 working days have passed and the Service has provided no final

response to this request.

125.    The Service has no legal basis for failing to disclose any non-exempt

requested records to Defenders.

## FOURTH CLAIM

### The Service Failed to Make a Timely Determination for the Region 4 Request (DOI-FWS-2025-006552) Violating FOIA, 5 U.S.C. § 552

126.    Defenders realleges and incorporates each allegation set forth in

paragraphs 1 through 28 and 83 through 113.

127.    Defenders has a statutory right to the records it seeks in response to

its FOIA request DOI-FWS-2025-006552.

128.    The Service was required to make a final determination in response to this request within 20 working days from receipt of the request or by a later date agreed upon by the submitter. The agreed deadline of September 30, 2025, has passed and the Service has provided no final response to this request.

129.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

### FIFTH CLAIM

**The Service Failed to Make a Timely Determination for the Region 5 Request (DOI-FWS-2025-005461) Violating FOIA, 5 U.S.C. § 552**

130.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 17, 66 through 81, and 109 through 113.

131.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2025-005461.

132.    The Service was required to make a final determination in response to this request by April 30, 2025—20 working days from receipt of the request, April 3, 2025. More than 20 working days have passed and the Service has provided no final response to this request.

133.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

### SIXTH CLAIM

**The Service Failed to Make a Timely Determination for the Region 6 Request (DOI-FWS-2025-005462) Violating FOIA, 5 U.S.C. § 552**

134.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 17, 66 through 81, and 109 through 113.

135.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2025-005462.

136.    The Service was required to make a final determination in response to this request by April 30, 2025—20 working days from receipt of the request, April 3, 2025. More than 20 working days have passed and the Service has provided no final response to this request.

137.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

### SEVENTH CLAIM

### The Service Failed to Make a Timely Determination for the Region 7 Request (DOI-FWS-2024-000854) Violating FOIA, 5 U.S.C. § 552

138.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 17, 29 through 65, and 109 through 113.

139.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2024-000854.

140.    The Service was required to make a final determination in response to this request by September 26, 2024—20 working days from receipt of the request, August 29, 2024. More than 20 working days have passed and the Service has provided no final response to this request.

141.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

## EIGHTH CLAIM

### The Service Failed to Make a Timely Determination for the Region 8 Request (DOI-FWS-2025-005463) Violating FOIA, 5 U.S.C. § 552

142.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 17, 66 through 81, and 109 through 113.

143.    Defenders has a statutory right to the records it seeks in response to its FOIA request DOI-FWS-2025-005463.

144.    The Service was required to make a final determination in response to this request by April 30, 2025—20 working days from receipt of the request, April 3, 2025. More than 20 working days have passed and the Service has provided no final response to this request.

145.    The Service has no legal basis for failing to disclose any non-exempt requested records to Defenders.

## NINTH CLAIM

### The Service Has a Policy or Practice of Violating FOIA's Procedural Requirements, 5 U.S.C. § 552

146.    Defenders realleges and incorporates each allegation set forth in paragraphs 1 through 113.

147.    On information and belief, the Service has a policy and practice of violating FOIA's procedural requirements in connection with processing Defenders' FOIA requests as described in this Complaint, including by regularly failing or refusing to produce requested records or otherwise demonstrate that requested records are exempt from production within the time period required by FOIA, and by refusing to provide an estimated date of completion upon request by Defenders.

148.    Defenders is being irreparably harmed by the Service's unlawful policy or practice in the eight pending requests at issue in this Complaint and will continue to be irreparably harmed if the Service continues to apply this policy or practice. Additionally, Defenders will suffer future harm if the Service continues to apply this policy and practice to other FOIA requests pending before the Service and future requests to the Service.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Service's withholding of non-exempt records requested in each of the eight FOIA requests is unlawful;

B. Order the Service to comply with FOIA by making final determinations and providing all non-exempt records requested records for each of the eight requests available to Defenders by a date certain;

C. Declare that the Service has an unlawful policy or practice in failing to comply with FOIA's procedural requirements in processing the eight requests that are the subject of this Complaint;

D. Enjoin the Service from continuing its unlawful policy or practice of failing to comply with FOIA's procedural requirements in processing these requests;

E. Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Award such other relief as this Court deems just and proper.

Respectfully submitted this ninth day of March, 2026.

<u>*/s/ Daniel Franz*</u>
Daniel Franz, D.C. Bar No. 1721996
Defenders of Wildlife
1130 17th St. NW
Washington, DC 20036
(202) 682-9400 (tel)
dfranz@defenders.org

*Attorney for Plaintiff Defenders of Wildlife*